IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY JOYCE GRAY,

    Plaintiff,

v

STERLING INFOSYSTEMS, INC., a
foreign corporation, dba AMERICAN
BACKGROUND INFORMATION
SYSTEMS, INC.,

    Defendant.
_____/

Teresa J. Gorman (P61001)
Teresa J. Gorman PLLC
Attorneys for Plaintiff
30555 Southfield Road, Suite 400
Southfield, Michigan 48076
Tel:  (248) 223-9922
Fax:  (248) 223-9933
terigorman@aol.com
_____/

## COMPLAINT

    Plaintiff, Kimberly Joyce Gray, by and through her attorneys, Teresa J. Gorman PLLC, for her Complaint, states as follows:

### JURISDICTION AND VENUE

    1.    This action arises under the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq., as amended, and Michigan common law.

    2.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 28 USC §1367(a).

3. Plaintiff is a citizen of the United States and resides in Livonia, Michigan.

4. Defendant Sterling Infosytems, Inc. is a foreign corporation doing business nationally, internationally and in the State of Michigan.

5. Defendant Sterling Infosystems, Inc. does business as American Background Information Systems, Inc. ("ABIS").

6. The amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney fees.

7. The events giving rise to this cause of action occurred in Wayne County, Michigan, in the Eastern District of Michigan. Accordingly, venue lies in the United States District Court for the Eastern District of Michigan under 28 USC §1391(b).

**BACKGROUND FACTS**

8. Plaintiff incorporates by reference paragraphs 1-7.

9. In early March 2012, Plaintiff received an offer of employment from TEKSystem, Inc.

10. In connection with the offer of employment Plaintiff received from TEKSystem, Inc. in early March 2012, Plaintiff executed an authorization on or about March 21, 2012 allowing for the procurement of a consumer and/or investigative consumer report.

11. TEKSystem, Inc. retained Defendant's subsidiary, ABIS, to conduct an investigation and prepare a consumer and criminal background report regarding Plaintiff.

12. On or about April 9, 2012, TEKSystem, Inc. notified Plaintiff that there was a "red light" on her background check.

13. On or about April 19, 2012, Plaintiff received TEKSystem, Inc.'s April 16, 2012 correspondence informing her of its "notice of intention to take adverse action" due to a report provided by ABIS that Plaintiff has a felony conviction of Operating While Intoxicated on her criminal background record.

14. The report provided by ABIS to TEKSystem, Inc. that Plaintiff has a felony conviction of Operating While Intoxicated is untrue.

15. The report provided by ABIS to TEKSystem, Inc. that Plaintiff has a felony conviction of Operating While Intoxicated contained information regarding a different Kimberly Gray, a male with a different birth date, different Social Security number, and different middle name, among other identifiers, than our female Plaintiff.

16. Defendant did not provide Plaintiff with any notice or report at the time it sold such information to TEKSystem, Inc. as required by 15 U.S.C. §1681k.

17. On or about April 19, 2012, Plaintiff transmitted correspondence to ABIS disputing the report of a felony conviction for Operating While Intoxicated and enclosing a copy of her driving record obtained from the Secretary of State of Michigan.

18. Subsequently, and despite Plaintiff's objections and proof to the contrary, ABIS reiterated its original report to TEKSystem and reported that Plaintiff is a convicted felon.

19. On or about May 17, 2012, ABIS finally amended its report to indicate that Plaintiff is not a convicted felon.

20. As a result of the false information sold to TEKSystem, Inc. by Defendant, TEKSystem, Inc. withdrew its offer of employment to Plaintiff.

**COUNT I**

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

21. Plaintiff incorporates by reference paragraphs 1 through 20.

22. At all relevant times, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

23. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all relevant times, the above-mentioned consumer reports were "consumer reports" as that term is defined by § 1681a(d).

25. The Fair Credit Reporting Act regulates the collection, maintenance, and disclosure of consumer credit report information by consumer reporting agencies.

26. Defendant investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal history of individuals.

27. Defendant sells consumer reports to potential employers who request the criminal record history, or lack thereof, with regard to various job applicants. According to Defendant's website, it "is the third largest provider of employment and student screening services, background investigative services and occupational health services in the United States …. we actually perform millions of background checks, drug tests, and other key verification, screening and assessment services … With more than three decades of experience, Sterling Infosystems is the leading private provider of background and employment screening services, delivering information quickly, accurately and securely." www.sterlinginfosystems.com/aboutus

28. When a consumer reporting agency furnishes a consumer report for employment purposes, and compiles and reports items of information which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment, the consumer reporting agency, at the time the public record information is reported to the user of the consumer report, must notify the consumer of the fact that public record information is being report by the consumer reporting agency, together with the name and address of the person to whom such information is being reported. 15 U.S.C. §1681k(a)(1).

29. A consumer reporting agency is required to maintain strict procedures designed to ensure that whenever public information that is likely to have an adverse effect on a consumer's ability to obtain employment is reported, that information is accurate, complete and up-to-date. 15 U.S.C. §1681k(a)(2).

30. When a consumer reporting agency produces a copy of a consumer's report to the consumer or a third party, the consumer reporting agency is required to exclude certain adverse items of information and to provide only updated and accurate information. See 15 U.S.C. §1681c(a)(5).

31. A consumer reporting agency is required to follow reasonable procedures to assure maximum possible accuracy in the information they sell, and that the information on a given consumer's report actually concerns that consumer and not any other person. See 15 U.S.C §1681e(b).

32. After receiving notice from a consumer of a dispute concerning information contained in a consumer report by a consumer reporting agency, the consumer reporting agency is required, within 5 days, to determine whether the inaccuracy is due

to its own act, and, if so, it must correct the information or delete it within 20 days. 15 U.S.C. §1681i(f)(2)(B)(1).

33. Despite these clear, well-established and unambiguous requirements of the Fair Credit Reporting Act, Defendant sells adverse inaccurate items of information without following strict or reasonable procedures to assure maximum possible accuracy.

34. Defendant fails to notify the consumer contemporaneously of the fact that public record information is being report by Defendant.

35. Defendant fails to maintain strict procedures to ensure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported, it is complete and up-to-date.

36. Defendant fails to timely determine whether a consumer's complaint of an inaccuracy is due to its own investigative errors and, if so, correct the information.

37. Defendant's practices violate the Fair Credit Reporting Act.

38. In connection with the offer of employment Plaintiff received from TEKSystem, Inc. in early March 2012, Plaintiff executed an authorization or about March 21, 2012 allowing for the procurement of a consumer and/or investigative consumer report.

39. TEKSystem, Inc. retained Defendant's subsidiary, ABIS, to conduct an investigation and prepare a consumer and criminal background report regarding Plaintiff.

40. On or about April 9, 2012, TEKSystem, Inc. notified Plaintiff that there was a "red light" on her background check.

41. On or about April 19, 2012, Plaintiff received TEKSystem, Inc.'s April 16, 2012 correspondence informing her that of its "notice to intention to take adverse action" due to a report provided by ABIS that Plaintiff has a felony conviction of Operating While Intoxicated on her criminal background record.

42. The report provided by ABIS to TEKSystem, Inc. that Plaintiff has a felony conviction of Operating While Intoxicated is untrue.

43. The report provided by ABIS to TEKSystem, Inc. that Plaintiff has a felony conviction of Operating While Intoxicated contained information regarding a different Kimberly Gray, a male with a different birthdate, different social security number, and different middle name than our female Plaintiff.

44. Any preparer of a background consumer report that maintained strict procedures designed to ensure maximum possible accuracy would ensure that the consumer's personal identifying information including name, gender, social security number and date of birth match the personal identifying information on the public record. Nonetheless, Defendant willfully and recklessly disclosed the criminal history of a man named Kimberly Gray with a different Social Security number, different birth date, and different middle name to TEKSystem, Inc. and falsely represented that the criminal background information was Plaintiff's.

45. Defendant did not provide Plaintiff with any notice or report at the time it sold such information to TEKSystem, Inc. as required by 15 U.S.C. §1681k.

46. When Defendant received notification from Plaintiff disputing the report of a felony conviction for Operating While Intoxicated and enclosing a copy of her driving record obtained from the Secretary of State of Michigan, Defendant reiterated its

original report to TEKSystem and reported that Plaintiff is a convicted felon and failed to timely correct its errors.

47. As a result of the false information sold to TEKSystem, Inc. by Defendant, TEKSystem, Inc. withdrew its offer of employment to Plaintiff.

48. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for:

    a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, criminal background report, information and file, in violation of 15 U.S.C. §1681e(b);

    b. willfully and negligently failing provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C. §1681(k);

    c. willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C. §1681(k); and

    d. willfully and negligently failing to timely determine whether Plaintiff's complaint of an inaccuracy was due to Defendant's own investigative errors and, if so, correct the information.

49. Defendant willfully, or in the alternative, negligently, failed to comply with the requirements of the Fair Credit Reporting Act and in doing so, violated Plaintiff's rights.

50. Defendant's violation of Plaintiff's rights under the Fair Credit Reporting Act caused Plaintiff economic damages, mental anguish, emotional distress, humiliation and damage to her reputation.

51. Defendant's conduct was a direct and proximate cause and a substantial factor in the damages incurred by Plaintiff.

## COUNT II
## DEFAMATION PER SE

52. Plaintiff incorporates by reference paragraphs 1 through 51.

53. Defendant published statements both orally and in writing to various individuals at TEKSystem, Inc. that Plaintiff is a convicted felon.

54. The statements published by Defendant are false in that they inaccurately reflect Plaintiff's identifying information and criminal record and paint Plaintiff as a convicted felon.

55. The written statements and publications constitute defamation per se under MCL §600.2911.

56. Defendant's conduct caused Plaintiff economic damages, mental anguish, emotional distress, humiliation, and damage to her reputation.

57. Defendant's conduct was a direct and proximate cause and a substantial factor in the damages incurred by Plaintiff.

## COUNT III
## NEGLIGENCE

58. Plaintiff incorporates by reference paragraphs 1 through 57.

59. Defendant's actions, as set forth in this Complaint, constitute negligence.

60. Defendant owed a duty to Plaintiff to not report false and defamatory information to Plaintiff's potential employer.

61. Defendant breached that duty and said breach was a direct and proximate cause of Plaintiff's injuries.

62. Defendant's conduct caused Plaintiff economic damages, mental anguish, emotional distress, humiliation, and damage to her reputation.

WHEREFORE, Plaintiff KIMBERLY JOYCE GRAY prays that this Honorable Court grant the following remedies:

A. Declare that the aforementioned practices and actions of Defendant constitute unlawful practices in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681, et seq. and Michigan common law.

B. Award Plaintiff all lost wages and the value of fringe benefits, past and future, to which she is entitled;

C. Award Plaintiff statutory damages;

D. Award Plaintiff compensatory damages;

E. Award Plaintiff punitive damages;

F. Award Plaintiff reasonable attorney's fees, costs, and interest;

G. Award Plaintiff such other relief as this Court deems just and proper.

    s/ Teresa J. Gorman
    Teresa J. Gorman PLLC
    Attorney for Plaintiff
    30555 Southfield Road, Suite 400
    Southfield, MI 48076
    Tel: (248) 223-9922;
    Fax: (248) 223-9933
    terigorman@aol.com
    (P61001)

## JURY DEMAND

Plaintiff demands a trial by jury.

                                        s/ Teresa J. Gorman
                                        Teresa J. Gorman PLLC
                                        Attorney for Plaintiff
                                        30555 Southfield Road, Suite 400
                                        Southfield, MI 48076
                                        Tel:  (248) 223-9922;
                                        Fax: (248) 223-9933
                                        terigorman@aol.com
                                        (P61001)